[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15362
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-02090-CLS

MARK E. BENNICK,

Plaintiff-Appellant,

versus

THE BOEING COMPANY,
GRACE THOMPSON,
HR Boeing,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 23, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Mark Bennick, proceeding *pro se*, appeals the district court's order dismissing his complaint against Boeing and Grace Thompson in a diversity action brought pursuant to 28 U.S.C. § 1332. On appeal, Bennick argues that the district court erred in concluding that his defamation claim against Boeing was barred by the doctrine of *res judicata*. He also asserts that the district court abused its discretion by dismissing Thompson as a defendant under Fed.R.Civ.P. 21. For the reasons stated below, we affirm.

I.

Bennick filed a *pro se* complaint, naming Boeing and Thompson, a Boeing human resource employee, as defendants. His complaint raised a claim of defamation *per se* under Alabama law. Bennick was a former Boeing employee. After his employment with Boeing ended, he went to work for Teledyne Brown Engineering ("TBE") as an engineer. As part of his duties with TBE, he was granted a security clearance to work at Boeing's Jetplex site. However, shortly after Bennick started working at the Jetplex, Thompson told TBE managers that Bennick had a criminal history involving drugs and alcohol. Bennick's complaint asserted that he had no such criminal history and that Thompson's statements about him were false and defamatory.

2

The defendants moved to dismiss Bennick's complaint on the ground that his defamation claim was barred by the doctrine of *res judicata*. The defendants explained that Bennick had filed two previous lawsuits related to his termination from Boeing and his subsequent termination from TBE. The defendants observed that both of Bennick's earlier complaints had raised claims concerning Thompson's statements about Bennick's substance abuse problems. Therefore, the defendants argued, Bennick's defamation claim was barred by *res judicata*.

Court records reveal that Bennick filed his first lawsuit against Boeing in February 2009. Bennick's first complaint raised claims of "wrongful termination, violation of civil rights, [and] unethical business conduct." The complaint explained that Bennick had worked as an engineer for Boeing, but had been fired after he allegedly failed an alcohol test. Bennick then obtained employment with TBE, but lost that job after Thompson falsely informed TBE that Bennick had been fired by Boeing for violating the company's drug-free workplace policy. The district court dismissed Bennick's first complaint for failure to state a claim on which relief could be granted.

Bennick filed his second lawsuit against Boeing in March 2010. His second complaint was based on the same set of facts as his first complaint. The district

court dismissed Bennick's second complaint after concluding that it was barred by *res judicata*.

In the present case, the district court issued a show cause order directing Bennick to explain why his case should not be dismissed for lack of subject matter jurisdiction. The court observed that the only possible basis for its jurisdiction was diversity of citizenship because Bennick's complaint only raised a state-law claim for defamation. The court pointed out, however, that Bennick had not alleged that he and Thompson were citizens of different states.

In his response to the show cause order, Bennick asserted that Thompson's citizenship was "not a concern" because Boeing had taken full responsibility for all of Thompson's actions. He moved to "have all mention of Grace Thompson . . . be synonymous with Boeing. From this point forward, Boeing assumes full/sole responsibility as the defendant." Bennick noted that there was diversity of citizenship between himself and Boeing because Boeing's corporate headquarters was located in Chicago, Illinois.

The district court dismissed Bennick's complaint. As an initial matter, the court observed that Bennick had not shown that he and Thompson were citizens of different states. Rather than dismiss the complaint for lack of subject matter jurisdiction, however, the district court construed Bennick's response to the show

4

cause order as a motion under Fed.R.Civ.P. 21 to drop Thompson from the case as a misjoined defendant. The court granted the motion and dismissed Thompson as a defendant.

The district court also concluded that Bennick's defamation claim against Boeing was barred by *res judicata*. The court observed that Bennick's earlier lawsuits against Boeing had involved the same parties, and had resulted in final judgments on the merits, rendered by courts of competent jurisdiction. Moreover, the district court concluded that all three cases involved the same nucleus of operative facts—the statements that Thompson had made regarding Bennick's alleged criminal history and substance abuse problems. Because all four elements of *res judicata* were present, the district court dismissed Bennick's complaint.

## II.

Whether a plaintiff's claims are barred by *res judicata* is a legal question that we review *de novo*. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The doctrine of *res judicata*, or claim preclusion, prohibits a party from filing claims that he raised or could have raised in an earlier case. *Id.* By requiring a party to raise all of his claims in a single case, *res judicata* "protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing

5

the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210 (1979).

*Res judicata* applies if four elements are present: (1) there was a final judgment on the merits in the earlier case; (2) the judgment was rendered by a court of competent jurisdiction; (3) "the parties, or those in privity with them, are identical in both suits;" and (4) "the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238. Two cases involve the same cause of action if they arise out of the same nucleus of operative fact. *Id.* at 1239. "*Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of" the same set of facts. *Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (quotation omitted).

In this case, the district court correctly concluded that Bennick's defamation claim against Boeing was barred by *res judicata*. Although Bennick's complaints set forth different legal theories, all three complaints were based on the same nucleus of operative fact—that Thompson made false assertions that Bennick had a criminal history involving the misuse of drugs and alcohol. Thus, all three complaints involved the same "cause of action" for purposes of *res judicata*. *See Ragsdale*, 193 F.3d at 1239; *Manning*, 953 F.2d at 1358-59.

6

The other three elements of *res judicata* also are present here. Both of Bennick's prior cases ended in a final judgment on the merits rendered by a court of competent jurisdiction. In addition, the parties to the present case, Bennick and Boeing, are the same as the parties in Bennick's earlier cases. Although Thompson was not a defendant in Bennick's other cases, that fact is of no consequence as to whether his claim against Boeing is barred by *res judicata*. Bennick has not shown that Thompson's absence from his earlier lawsuits impaired his ability to litigate his claims against Boeing in those cases. Because all four elements of *res judicata* are present here, the district court properly dismissed Bennick's defamation claim against Boeing. *See Ragsdale*, 193 F.3d at 1238.

III.

A district court's decision to dismiss a party from a lawsuit under Fed.R.Civ.P. 21 is reviewed for an abuse of discretion. *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) (noting that "the district court generally has discretion to determine whether to allow dropping of parties"). Rule 21 provides that "the court may at any time, on just terms, add or drop a party." "Courts have employed Rule 21 to preserve diversity jurisdiction by

7

dropping a nondiverse party not indispensable to the action." *Fritz*, 751 F.2d at 1154.

Here, the district court did not abuse its discretion by dismissing Thompson as a defendant. In his response to the district court's show cause order, Bennick moved to "have all mention of Grace Thompson . . . be synonymous with Boeing. From this point forward, Boeing assumes full/sole responsibility as the defendant." It was reasonable for the district court to construe this statement as a motion to dismiss Thompson from the case under Fed.R.Civ.P. 21.

Moreover, had the district court not dropped Thompson as a defendant, it would have been obligated to dismiss the entire case for lack of subject matter jurisdiction because Bennick had not established that he and Thompson were citizens of different states. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse . . ."). Although Bennick now contends that Thompson is a citizen of Tennessee, he did not make any such assertion in his complaint or the other pleadings that he filed in the district court. We conclude that the district court committed no abuse of discretion by dismissing Thompson as a defendant under Rule 21. *See Fritz*, 751 F.2d at 1154.

Accordingly, after review of the record and the parties' briefs, we affirm the order of the district court dismissing Bennick's complaint.

**AFFIRMED.**